**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE BELT RAILWAY COMPANY OF CHICAGO | ) ) ) |
| and | ) ) |
| THE UNION PACIFIC RAILROAD COMPANY, | ) ) |
| Plaintiffs-Counterclaim Defendants, | ) ) |
| v. | ) No. 11-CV-4710 |
| UNITED TRANSPORTATION UNION | ) ) ) |
| Defendant-Counterclaimant. | ) |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

On April 3, 2012, we issued an Order granting the summary judgment motion brought by United Transportation Union ("UTU") and denying the summary judgment motion brought by Plaintiffs Belt Railway Company of Chicago ("Belt Railway") and Union Pacific Railroad Company ("Union Pacific"). (Order (Dkt. No. 40) at 1.) Presently before us is a motion to alter or amend that Order pursuant to Federal Rule of Civil Procedure 59(e).

**BACKGROUND AND PROCEDURAL HISTORY**

As the facts presented in the case are set forth in the previous Order, we need not repeat them here. (*See id*. at 2–5.) Briefly, the case arises out of a Public Law Board No. 7304 ("Board") order enforcing a Memorandum of Understanding ("MOU"). On July 13, 2011, Plaintiffs petitioned the Court to review and vacate the Board's award ("Award") pursuant to

1

Section 3 First (q) of the Railway Labor Act, 45 U.S.C. § 153 First (q). (Compl. (Dkt No. 1).) UTU counterclaimed for enforcement on August 22, 2011, pursuant to Section 3 First (p), 45 U.S.C. § 153 First (p). (Answer and Countercl. (Dkt. No. 16).) Thereafter, the parties filed cross-motions for summary judgment. On April 3, 2012, we denied Plaintiffs' motion, granted Defendant's motion, and enforced the award at issue. (Order (Dkt. No. 40) at 1.)

At the summary judgment stage, Plaintiffs argued that the Board erred by failing to provide Union Pacific with notice of the hearing, and that this error provided two reasons to vacate the award. We stated that the Board likely did fail to provide required notice and that such failure would provide justification for vacating the reward. However, we did not decide the issue because we found that Plaintiffs waived any objection by not presenting it to the Board. (*Id*. at 11–12.) Specifically, we found Plaintiffs' argument that they were unaware Union Pacific would be affected by the Board's judgment unpersuasive and that there was ample opportunity for Belt Railway to object to the Board's failure to notify Union Pacific. (*Id.*) We therefore held that it was too late to raise the objection at this time. (*Id*. at 13.)

## STANDARD OF REVIEW

To succeed on a Rule 59(e) motion, the moving party must present newly discovered evidence, point out an intervening change in controlling law, or clearly establish that the court committed a manifest error of law or fact. *See Caisse Nationale de Credit Agricole v. CBA Indus., Inc*., 90 F.3d 1264, 1269–70 (7th Cir. 1996); *Publishers Res., Inc. v. Walker–Davis Publ'ns, Inc*., 762 F.2d 557, 561 (7th Cir. 1985). Indeed, reconsideration is appropriate in limited circumstances, such as "where (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties;

(3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in law . . . or (5) there has been a controlling or significant change in the facts." *BP Amoco Chem. v. Flint Hills Res., LLC*, 489 F. Supp. 2d 853, 856 (N.D. Ill. 2007); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191–92 (7th Cir. 1990); *see also Hickory Farms, Inc. v. Snackmasters, Inc.*, 509 F. Supp. 2d 716, 719 (N.D. Ill. 2007) ("Reconsideration is appropriate, generally speaking, only when the Court overlooked or misunderstood something."). However, the motion for reconsideration should be granted if doing so would "enable 'the court to correct its own errors and thus avoid unnecessary appellate procedures.'" *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999) (citing *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)).

## ANALYSIS

**1. Motion to Alter or Amend**

As mentioned above, our previous order found that there was ample opportunity for Belt Railway to object to the lack of notice. (Order (Dkt. No. 40) at 3.) We did not, however, specifically address whether or not Union Pacific had an opportunity to object. In a footnote, we indicated that because "[t]he parties do not distinguish between Belt Railway and Union Pacific in the case . . . we do not address any concerns that Union Pacific, assuming it did not have knowledge of the suit, would not have waived this objection." (*Id*. at 12 n.3.) Union Pacific now asserts that we made a manifest error when we observed that "[t]he parties do not distinguish between Belt Railway and Union Pacific."

Union Pacific first requests that we reconsider our assumption about the legal separateness of the two plaintiffs. In this regard, we find no manifest error. Union Pacific

3

simply misunderstands our Order. We did not take the position that Belt Railway and Union Pacific were legally the same entity. In deciding that the parties had not distinguished between Belt Railway and Union Pacific, we were not implying that they had been or should be treated as one. Instead, we were observing that the portions of the parties' briefs that addressed waiver did not distinguish between Belt Railway and Union Pacific. (*See* Pls.' Reply to Def.'s Opp'n to Pls.' Mot. for Summ. J. (Dkt. No. 33) at 7 (not referring to Union Pacific's lack of knowledge); Pls.' Resp. to Def.'s Mot. for Summ. J. (Dkt. No. 30) at 9 (same).) In other words, we interpreted Plaintiffs' briefing as failing to address the possibility that one could have waived the right for notice while the other had not. We thus followed the parties' lead and did not distinguish between the two when deciding whether the notice requirement had been waived.

Union Pacific's second request addresses this treatment specifically. It asserts that we should reconsider whether Union Pacific, as distinct from Belt Railway, ever waived its statutory right to notice. While belated legal attacks are viewed with great suspicion, we do not think that Union Pacific intentionally withheld the current argument. *See Caisse Nationale*, 90 F.3d at 1269–70. Rather, we concede that we "patently misunderstood" Plaintiffs' argument when we found that it did not address this possibility. *See Bank of Waunakee*, 906 F.2d at 1191 ("A motion for reconsideration performs a valuable function where 'the Court has patently misunderstood a party.'" (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983)).

When addressing the Board's failure to provide adequate notice, Plaintiffs explain that UTU never alleged that Union Pacific knew of the arbitration proceeding, and "mere awareness of the existence of 'an issue' does not constitute notice of proceeding to resolve that issue

sufficient to satisfy the Board's obligation." (Pls.'s Resp. to Def. Mot. for Summ. J. (Dkt. No. 30) at 9.) When addressing Defendant's argument that Plaintiffs waived this objection, Plaintiffs changed focus and argued only that Belt Railway's actions during the arbitration did not waive its objection because it could not have known Union Pacific would be affected. We found this latter argument unpersuasive and held that Belt Railway should have objected to the lack of notice at an earlier stage. We further found that Plaintiffs' focus on Belt Railway's ability to object at an earlier stage prevented us from addressing whether Union Pacific had, and waived, that opportunity. Upon reviewing the briefing, it is clear that the latter section addressed only Belt Railway because Belt Railway was the only plaintiff present at the arbitration and *able* to object—Union Pacific was never given notice and thus did not have an opportunity to object. Therefore, we should have addressed whether Union Pacific waived its right to object. We do so now.

**2. Notice pursuant to Section 3 First (j) of the Railway Labor Act**

As explained in our original Order, it is undisputed that the Board did not provide Union Pacific with official notice of the arbitration hearings. Section 3 First (j) of the Railway Labor Act states that the "Board shall give due notice of all hearings to the employee or employees and the carrier or carriers involved in any disputes submitted to them." 45 U.S.C. § 153, First (j). UTU concedes that "a carrier or employee is 'involved' for the purpose of Section 153 First (j) when that carrier or employee would be substantially affected by the board's decision." (Def. Resp. to Mot. to Alter (Dkt. No. 46) at 9 (citing *Estes v. Union Terminal Co.*, 89 F.2d 768, 770–71(5th Cir. 1937); *Bhd. of Ry., Airline, and S. S. Clerks v. St. Louis Sw. Ry. Co.*, 676 F.2d 132, 135 (5th Cir. 1937); *Hunter v. Atchison, T & S.F. Ry. Co.*, 188 F.2d 294, 300–01 (7th Cir.

5

1951); *United Transportation Union v. Union Pacific R. R. Co.*, 05 C 695, 2008 WL 4525405 at *2 (N.D. Okla. Oct. 1, 2008)). The parties dispute, however, whether Union Pacific would be substantially affected by the Board's decision and thus require service.

The proper interpretation of "involved" has garnered attention from the circuit courts. As explained by the Fifth Circuit:

> Section 3 is rendered somewhat ambiguous by the use of the word "involved" instead of a more comprehensive term. But in justice and fairness every person who may be adversely affected by an order entered by the Board should be given reasonable notice of the hearing. Lane was occupying the position of gateman. The order of the Board required his dismissal. No man should be deprived of his means of livelihood without a fair opportunity to defend himself. Plainly, that is the intent of the law. . . . It is not necessary for an employee to be named as a party to the proceeding before the Board to be involved in the controversy within the meaning of the law.

*Estes v. Union Terminal Co.*, 89 F.2d 768, 770 (5th Cir. 1937). The Seventh Circuit "fully agree[d]" with the Fifth Circuit's interpretation, adding,

> To say that the train porters are not involved in a dispute which may result in brakemen supplanting them in their jobs is so unrealistic as to be absurd. Surely the employee who has a certain job is as much interested in that job as another employee who is trying to take it away from him.

*Hunter v. Atchison, T & S.F. Ry. Co.*, 188 F.2d 294, 300–01 (7th Cir. 1951). The court held that "all plaintiffs who were or could be adversely affected by the order and award were entitled to notice under the statute." *Id.* at 301. Similarly, in *Allain v. Tummon*, the Seventh Circuit held that a party was "involved" in the dispute because, by presenting the claim to the board, the defendant was asking that plaintiffs be replaced in their employment. 212 F.2d 32, 36 (7th Cir. 1954); *accord United Transp. Union v. Union Pac. R. R. Co.*, 05 C 695, 2008 WL 4525405 at *2 (N.D. Okla. Oct. 1, 2008) ("UTU was not entitled to notice because there was nothing to cause a

6

reasonable person to believe that UTU or its members could be adversely affected by the result of the hearing.").

Here, UTU argues that Union Pacific was not involved in the dispute because the arbitration centered on Belt Railway's unilateral termination of the Proviso Yard interchange transfer assignment: UTU asserts that Union Pacific "had no work or employees involved." (Resp. to Mot. to Amend (Dkt. No. 46) at 10.) Yet, as Belt Railway explained to the Board prior to the arbitration hearing, "[b]y filing this claim the Organization is essentially asking the Board to bind [Union Pacific] by the terms of an agreement it never signed and force [Union Pacific] to allow Carrier crews to perform work that clearly and fundamentally belongs to the now fully-staffed [Union Pacific] workforce." (R. of Board Proceedings (Dkt. No. 21) at Ex. A, 00007.) In other words, the employees Union Pacific hired to pull the trains were at a substantial risk of being displaced due to the Award. "We can think of no employee having a more vital interest in a dispute than one whose job is sought by another employee or group of employees." *Missouri-K.-T. R. Co. v. Bhd. of Ry. & S. S. Clerks*, 188 F.2d 302, 306 (7th Cir. 1951). Moreover, the Board explicitly found that Union Pacific was bound by the MOU. It is clear to us that this finding substantially affects Union Pacific's interest. We thus find that, pursuant to Section 3 First (j) of the Railway Labor Act, Union Pacific was involved in the dispute, and the Board was required to provide it with notice.

As formal notice is not necessary if a party has actual notice of the proceeding, we must address whether Union Pacific had actual notice. *See Hunter*, 188 F.2d 294, 300 (7th Cir. 1951) ("It would require at least, we think, knowledge in the aggrieved employee's part of the pendency of the proceedings or knowledge of such facts as would be sufficient to put him on

7

notice of their pendency." (citing *Elgin, J. & E. Ry. Co. v. Burley*, 327 U.S. 661, 667, 66 S. Ct. 721, 724 (1946)). UTU asserts that Union Pacific, "as one of owning carriers of [Belt Railway] was well aware that there was an issue on the property regarding the MOU." (Def. Mem. in Support of Mot. for Summ. J. (Dkt. No. 23) at 5 (citing Answer (Dkt. No. 16) at ¶¶ 3–4 (acknowledging Union Pacific is one of the owning carriers of Belt Railway); Countercl. (Dkt. No. 16) at ¶ 5 (stating Belt Railway is owned by six carriers including Union Pacific); Answer to Countercl. (Dkt. No. 17) at ¶ 5 (admitting same).) However, Union Pacific points out that UTU did not provide any evidence to support the assertion that Union Pacific was aware of the dispute. (Pls.' Resp. to Def.'s Mot. for Summ. J. (Dkt. No. 30) at 2.) Union Pacific also explains that the alleged notice of "an issue" regarding the MOU is not equivalent to notice of the arbitration proceeding sufficient to satisfy the Board's obligation. (Pls.' Resp. to Def.'s Mot. for Summ. J. (Dkt. No. 30) at 9.) We agree that the mere acknowledgment of partial ownership is not a basis on which one can impute knowledge of the arbitration proceeding, and we find that there is no question of fact presented as to whether Union Pacific had actual knowledge sufficient to comply with the Railway Labor Act.

Turning now to whether Union Pacific waived its right to object to the lack of notice, we reiterate that our previous Order did not hold that Belt Railway waived Union Pacific's rights. As UTU correctly points out, that issue was not before us then, and we will not address it on this motion to amend. Therefore, we must address only whether Union Pacific waived its right to complain that it was not provided notice of the arbitration. As explained above, this issue was raised on summary judgment. At that stage, Plaintiffs explained, "[i]t was not until the Board issued its Award adding Union Pacific as a party to the Agreement that either carrier could have

reasonably anticipated a need to claim a right for Union Pacific to participate." (Pls.' Resp. to Def.'s Mot. for Summ. J. (Dkt. No. 30) at 9.) Our previous Order found this argument unpersuasive as to Belt Railway. (See Order (Dkt. No. 40) at 12–13.) We now hold, however, that this argument is persuasive as to Union Pacific. While a party must generally present an issue to the arbitrator before bringing it to the district court in an enforcement proceeding, a party that is unaware of and not present at an arbitration proceeding cannot be required to raise the issue at that time. *See Bhd. of Ry., Airline, and S. S. Clerks*, 676 F.2d at 136 ("Naturally [the ordinary responsibility to preserve the error by bringing it to the Board's attention] does not apply to un-notified parties who are not present at the hearing."). As Union Pacific did not have an opportunity to object during the arbitration proceeding, it never waived its right to notice.

Finally, "[i]t is well established that an award made by the Board in the absence of due notice to the involved parties is void and that its enforcement may be enjoined for that reason." *Allain*, 212 F.2d at 35 (citing cases); *see also Wilson v. Chicago and Nw. Transp. Co.*, 728 F.2d 963, 967 (7th Cir. 1984) ("This attempt to rewrite the agreement is a clear violation of the Railway Labor Act, and is a proper basis for the district court to set aside the awards."). Therefore, based on the Board's failure to provide required notice to Union Pacific, the Award should be set aside and the case remanded.

## CONCLUSION

For the reasons set forth above, we amend our previous Order. We grant the motion for summary judgment filed by Plaintiffs and deny the motion for summary judgment filed by UTU. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: June 18, 2012